IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CAROLYN BALDWIN,                              )
                                              )
                        Plaintiff,            )
                                              )         CIVIL ACTION
vs.                                           )
                                              )         Case No. 1:25-CV-00408
LAST LESSON LEARNED, LLC,                     )
                                              )
                        Defendant.            )

## COMPLAINT

COMES NOW, CAROLYN BALDWIN, by and through the undersigned counsel, and files this, her Complaint against Defendant, LAST LESSON LEARNED, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's LAST LESSON LEARNED, LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff CAROLYN BALDWIN (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Littleton, CO (Douglas County).

3.      Plaintiff is disabled as defined by the ADA.

1

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      In addition to being a customer of the public accommodation on the Property, Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to demonstrate the plausibility of Plaintiff returning to the Property once the barriers to access identified in this Complaint are removed in order to strengthen the already existing standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property. ("Advocacy Purposes").

7.      Defendant, LAST LESSON LEARNED, LLC, (hereinafter "LAST LESSON LEARNED, LLC") is a domestic limited liability corporation that transacts business in the State of Colorado and within this judicial district.

8.      Defendant, LAST LESSON LEARNED, LLC, may be properly served with process via its Registered Agent for service, to wit:  c/o Steven Eugene Cook., Registered Agent, 2700 South Broadway, Suite 300, Englewood, CO  80113.

## FACTUAL ALLEGATIONS

9.      On or about December 26 2024, Plaintiff was a customer at "Taste of Thailand," a restaurant located at 2120 S. Broadway, Denver, CO  80210, referenced herein as "Taste of

Thailand".  *See* Receipt attached as Exhibit 1.  *See* also photo of Plaintiff attached as Exhibit 2.

10.     Defendant, LAST LESSON LEARNED, LLC, is the owner or co-owner of the real property and improvements that Taste of Thailand is situated upon and that is the subject of this action, referenced herein as the "Property."

11.     Defendant, LAST LESSON LEARNED, LLC, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property.  Even if there is a lease between Defendant, LAST LESSON LEARNED, LLC, and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

12.     Plaintiff's access to Taste of Thailand and the other businesses, located at 2120 S. Broadway, Denver, CO  80210, Denver County Property Appraiser's property identification number:  0527212027000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

13.     Plaintiff lives 15 miles from the Property.

14.     Given the close vicinity of the Property to the Plaintiff's residence, Plaintiff often travels by the Property.

15.     Plaintiff has visited the Property once before as a customer and advocate for the disabled.  Plaintiff intends to revisit the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer to Taste of Thailand, to determine if and when the Property is made accessible and to substantiate already existing standing for this lawsuit for Advocacy Purposes.

16.     Plaintiff intends on revisiting the Property to purchase food and/or services as a return customer as well as for Advocacy Purposes but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

17.     Plaintiff travelled to the Property as a customer once before as a customer, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

18.     Although Plaintiff may not have personally encountered each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the Complaint in a subsequent visit as, for example, one accessible parking space may not be available and she would need to use an alternative accessible parking space in the future on her  subsequent visit.  As such, all barriers to

4

access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

19.    Plaintiff's inability to fully access the Property and the stores in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

20.    On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

21.    Congress found, among other things, that:

(i)    some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is

justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.     The Property is a public accommodation and service establishment.

26.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.     The Property must be, but is not, in compliance with the ADA and ADAAG.

29.     Plaintiff has attempted to, and has to the extent possible, accessed the Property in her capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.     Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Defendant, LAST LESSON LEARNED, LLC, has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

32.     Defendant, LAST LESSON LEARNED, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, LAST LESSON

LEARNED, LLC, is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

33.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

       i.    In front of Taste of Thailand, the accessible parking space is missing an identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to locate an accessible parking space.

      ii.    In front of Taste of Thailand, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of Sections 502.4 and 406.5 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the van may rest upon the ramp and create an unlevel surface for Plaintiff to exit and enter their vehicle.

     iii.    In front of Taste of Thailand, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter

their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

iv.    In front of Taste of Thailand, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the lift from the van may rest upon the ramp and create an unlevel surface.

v.    In front of Taste of Thailand, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because steep slopes on ramp side flares could cause the wheelchair to tip over and injure Plaintiff.

vi.    In front of Taste of Thailand, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because when ramps are too steep (more than 1:12) it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

vii.    Between the Vapor CRE and the H&R Block The walking surfaces of the accessible route have a slope in excess of 1:20 in violation of Section 403.3 of

9

the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property. As the accessible route is in excess of 1:20, it is considered an accessible ramp, moreover, it has a total rise greater than six (6) inches yet does not have handrails in compliance with Section 505 of the 2010 ADAAG standards, this is a violation of Section 405.8 of the 2010 ADAAG Standards.  This barrier to access would make it difficult for Plaintiff to access the units of the Property as ramps are often more difficult for disabled individuals to traverse and require handrails on both sides so that the disabled individual can use the handrail to assist them up the sloped surface.

viii.   As a result of the barrier to access referenced in vii, the Property lacks a single continuous accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property if parked in one Section of the Property which is disconnected from another due to this barrier.

ix.   The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to utilize public transportation to access the public accommodations located on the Property.

x.   The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards.  There are 44 total parking spaces at the Property, which requires a minimum of two accessible parking

10

spaces, but there is only one accessible parking space. This barrier to access would make it difficult for Plaintiff to locate an available accessible parking space as such a small number of accessible parking spaces in a large parking lot increases the likelihood of there not being an available accessible parking space.

xi.   Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, combined with the placement of potted plants, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This barrier to access would make it dangerous and difficult for Plaintiff to access exterior public features of the Property as there is not enough clear width for Plaintiff's wheelchair.

xii.   Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, combined with the placement of potted plants, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes. This barrier to access would make it dangerous and difficult for Plaintiff to access exterior public features of the Property as there is not enough clear width for Plaintiff's wheelchair.

xiii.     Inside Taste of Thailand, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, due to a policy of placing boxes and other items in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to properly utilize public features at the Property because the width of Plaintiff's wheelchair would prevent passage through areas with a width less than 36 inches.

xiv.     Inside Taste of Thailand, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, due to a policy of placing boxes and other items in the accessible route. As a result, the Property lacks an accessible route connecting the exterior of the Property to all accessible elements and features inside the Property in violation of Section 206.2.4 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff to access public features of the Property due to the lack of a safe accessible route leading from the exterior to interior spaces inside the Property.

xv.     Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

34.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

35.     Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

36.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

37.      All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

38.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, LAST LESSON LEARNED, LLC, has the financial resources to make the necessary.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, LAST LESSON LEARNED, LLC, has the financial resources to make the necessary modifications. According to the Property Appraiser, the Appraised value of the Property is $2,963,000.00.

41.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

42.     Upon information and good faith belief, the Property has been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant, LAST LESSON LEARNED, LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, LAST LESSON LEARNED, LLC.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, LAST LESSON LEARNED, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, LAST LESSON LEARNED, LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant LAST LESSON LEARNED, LLC, in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, LAST LESSON LEARNED, LLC, from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, LAST LESSON LEARNED, LLC, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)    That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 6, 2025.                    Respectfully submitted,

                                            Law Offices of
                                            THE SCHAPIRO LAW GROUP, P.L.

                                            /s/  Douglas S. Schapiro
                                            Douglas S. Schapiro, Esq.
                                            State Bar No. 54538FL
                                            The Schapiro Law Group, P.L.
                                            7301-A W. Palmetto Park Rd., #100A
                                            Boca Raton, FL 33433
                                            Tel: (561) 807-7388
                                            Email: schapiro@schapirolawgroup.com

                                            ATTORNEYS FOR PLAINTIFF